Francis J. "Casey" Flynn, Jr.
Law Office of Francis J. Flynn, Jr.
CA State Bar No. 304712
6220 W 3rd St # 115
Los Angeles, CA 90036
Telephone: (323) 424-4194
Email: casey@lawofficeflynn.com

**ATTORNEY FOR PLAINTIFF
AND THE PROPOSED CLASSES**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY DURHAM, individually and on behalf of all others similarly situated,**<br><br>**PLAINTIFF**<br><br>v.<br><br>**MERCURY INSURANCE COMPANY and CALIFORNIA AUTOMOBILE INSURANCE COMPANY**<br><br>**DEFENDANTS** | **CASE NO.  2:18-cv-3294**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR**<br><br>**(1) VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***<br>**(2) BREACH OF CONTRACT**<br>**(3) FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, et seq.**<br>**(4) UNJUST ENRICHMENT**<br>**(5) MONEY HAD AND RECEIVED**<br>**(6) VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**<br>**(7) FRAUD**<br>**(8) NEGLIGENT MISREPRESENTATION/NEGLIGENCE PER SE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Timothy Durham ("Plaintiff"), individually and on behalf of all other

similarly situated, by and through their undersigned counsel, files this Class Action

Complaint against California Insurance Company (hereinafter "CIC" or "Defendant"), alleging, upon personal knowledge as to Plaintiff's individual actions and upon information and belief and/or counsel's investigations as to all other matters, the following:

## DEFENDANTS' SYSTEMATIC PRACTICE OF
## IMPROPER AUTOMATIC RENEWAL OF THEIR CONTRACTS

1.      Plaintiff brings this class action on behalf of the Classes defined herein to stop Defendants' unlawful and unfair practices related to auto-renewing consumers' insurance policy. Defendants auto-renew Plaintiff's insurance policy and automatically withdraws funds from Plaintiff's account without the affirmative consent of the consumer required by California law.

2.      In particular, Defendants offer consumers who wish to purchase six (6) month insurance policies an option to pay for the insurance through Defendants' Same Pay Automatic Withdrawal" plan – a plan which allows consumers to pay for their insurance policy in six (6) month installments.  Each consumer that utilizes Defendants' "Same Pay Automatic Withdrawal" plan is bound by Defendants' Insurance Policy and Same Pay Automatic Withdraw Plan.

3.      Defendants automatically debit each installment from the consumer's checking or savings account.  The consumer's initial insurance policy payment was made on or about the date that the consumer enters into the uniform contract for the insurance policy. Thereafter, Defendants debit five (5) subsequent payments on a

monthly basis from the consumer's debit or credit account. Plaintiff and members of the classes enrolled in the Same Pay Automatic Withdraw Plan pay all installments due and owing under the insurance policy one month and one day before the policy expires.

4.     The uniform contract expressly states that the agreement is for six (6) months. Due to the foregoing "Same Pay Automatic Withdrawal" plan structure, the consumer's six (6) month insurance policy is fully paid one month and one day prior to the insurance policy's date of expiration.

5.     Furthermore, Defendants' policy states that "This policy is continuous until cancelled or nonrenewed with respect to the interest of the Loss Payee(s) or Additional Interest(s) named on the reverse side hereof."

6.     The clear corollary to this contract language is that Defendants are not permitted to automatically renew accounts that are "cancelled" or "not renewed." Despite the foregoing uniform contract language, Defendants systematically renew the insurance policies for those consumers that make all six (6) payments in less than twelve months. As a result, Defendants take more payments from its customers beyond the contracted for amount.

7.     As a result of the foregoing and as further described below, Plaintiff brings this class action on behalf of the Classes who purchased Defendants' insurance policy and were charged for more than the cost of the initial policy.

## **PARTIES**

PLAINTIFF'S CLASS ACTION
COMPLAINT

8.    Plaintiff Timothy Durham ("Durham") is a citizen of the State of California, residing in Los Angeles, California.

9.    Plaintiff Durham purchased an insurance policy for a term of six (6) months beginning on October 21, 2016 at 12:01 am and terminating on April 21, 2017 at 12:01am.  Installment payments for the insurance policy were made via automatic withdraw from Plaintiff's checking account "when payments [were] due." *See* Mercury Insurance Group Authorization Form.  However, Defendants continued to charge Plaintiff even though Plaintiff had already paid for the installments due under the six (6) month insurance policy Plaintiff purchased.   In particular, Defendants unlawfully withdrew funds in the amount of $289.88 on April 20, 2017, May 23, 2017, and June 21, 2017 from Plaintiff's checking account.  The only thing that stopped Defendants from charging Plaintiff was by submitting a Policy Cancellation Request.

10.    Defendant California Automobile Insurance Company ("Defendant") is a California insurance corporation with its principle place of business in Los Angeles, California in the county of Los Angeles. At all times mentioned herein, Defendant marketed, sold, and administered the insurance sold to Plaintiff and the members of the Classes.  California Automobile Insurance Company is a subsidiary of Mercury General Corporation.

11.    Mercury Insurance Company, d/b/a Mercury Insurance Group, ("Defendant") is incorporated under the laws of California, with a principal place of

PLAINTIFF'S CLASS ACTION
COMPLAINT

business in California.

12.   California Automobile Insurance Company and Mercury Insurance Company shall collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

13.   This Court has original jurisdiction of this action under 28 U.S.C. §§ 1331 and 1337 because the claims arise under the laws of the United States, including EFTA, 15 U.S.C. §§ 1693, *et seq.*

14.   The Classes are also within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(d)(2) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different States.

15.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because (a) Defendants are subject to personal jurisdiction here; (b) regularly conducts substantial business in this district; and/or (c) a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in this district.

## GENERAL ALLEGATIONS

### A. **PLAINTIFF TIMOTHY DURHAM**

16.   On October 20, 2016, Plaintiff purchased a six (6) month insurance policy.

PLAINTIFF'S CLASS ACTION
COMPLAINT

17.    Plaintiff Durham purchased an insurance policy for a term of six (6) months beginning on October 21, 2016 at 12:01 am and terminating on April 21, 2017 at 12:01am.

18.    Installment payments for the insurance policy were made via automatic withdrawal from Plaintiff's checking account "when payments [were] due." *See* Mercury Insurance Authorization Form.

19.    To Plaintiff's amazement, Defendants continued to withdraw funds from his checking account in the amount of $289.88 even though he had already made all required payments under his insurance policy that was set to expire on April 21, 2017.

20.    Despite receiving the full payment for the insurance policy set to expire on April 21, 2017, Defendants continued to withdraw $289.88 from Plaintiff's checking account each month, with the last charge taken on June 21, 2017.

21.    At no time prior to April 20, 2017 renewal or at any other time did Plaintiff provide affirmative consent to renew the insurance policy for another period or give his affirmative consent to an "agreement containing the automatic renewal offer terms" for the insurance product.   Additionally, Plaintiff did not provide authorization for Defendants to withdraw payments beyond the installments due under the initial insurance policy.

22.    For example, Defendants charged Plaintiff even though the policy contained language that the policy would expire if cancelled or not renewed. Additionally, consumers signing up for a set insurance policy term were not

PLAINTIFF'S CLASS ACTION
COMPLAINT

specifically given instructions that an affirmative action needed to be taken to cancel the policy if enrolled in the Same Pay Automatic Withdrawal Plan.

23.   In particular, the insurance policy stated "This policy is continuous until cancelled or nonrenewed with respect to the interest of the Loss Payee(s) or Additional Interest(s) named on the reverse side hereof."

24.   The Same Pay Automatic Withdrawal Plan authorized Defendants to "initiate deductions from [Plaintiff's] bank account when payments are due for [Plaintiff's] Mercury account."

25.   Plaintiff did not renew the policy; therefore, the policy should have expired on April 21, 2017 at 12:01am and no payments were due for Plaintiff's account.

26.   Defendants, under the terms of the insurance policy, understood the policy was not to be automatically renewed and in fact contemplated a set of circumstances where the policy expired:

> "The coverage granted under this policy shall continue in full force and effect as to the interest of the Lien-holder only, for a period of ten (10) days after expiration of said policy unless an acceptable policy in renewal thereof with loss thereunder payable to the Lien-Holder in accordance with the terms of this Automobile Loss Payable Endorsement shall have been issued by some insurance company and accepted by the Lien-Holder. In the event of a loss not otherwise covered during the extended ten (10) day period herein referred to, an annual policy covering the same hazards to the property insured under the original policy shall be issued and accepted by the Lien-Holder and Mortgagor."

27.   At no time prior to these charges had Plaintiff provide affirmative

PLAINTIFF'S CLASS ACTION COMPLAINT

consent to renew the insurance policy or give his affirmative consent to an "agreement containing the automatic renewal offer terms" for the insurance product. For example, Defendants charged Plaintiff without first providing information on how to cancel the subscription. Additionally, consumers signing up for a set insurance policy term were not specifically given instructions on how to cancel before payment. Additionally, the insurance policy nor the authorization to withdraw installments form disclosed the automatically renewing nature of the product or the price term.

28. In fact, Plaintiff had purchased another insurance policy with the understanding that his policy had expired when it was supposed to.

29. When Plaintiff realized Defendants were withdrawing funds without his consent, Plaintiff contacted Defendants to find out why he was being charged.

30. Defendants required Plaintiff to fill out a "Policy Cancellation Form" in order to stop the charges from continuing.

31. Plaintiff filled out the Policy Cancellation Form on or about June 22, 2017 and cited that the Cancellation reason was that he "didn't realize it had auto-renewed, and I got a different policy through Progressive."

32. Defendants cancelled the policy on or about July 7, 2017.

33. On information and belief, Defendants automatically enroll all of its Same Pay Automatic Withdrawal Plan customers in its auto renewal program with purchase of an insurance policy for a set term. Purchasers are not given the option

PLAINTIFF'S CLASS ACTION COMPLAINT

to decide if they want an automatically renewing insurance policy are purchasing.

34. Additionally, Defendants import the checking or savings account information of Plaintiff and Members of the Classes into Defendants' Auto Renewal Program for its insurance policy without receiving Plaintiff and Members' of the Classes consent to do so.

35. Because Plaintiff paid the six (6) installment payments for his insurance policy ($289.88 x 6) by one month and one day prior to the expiration of his insurance policy and because Plaintiff did not affirmatively renew the insurance policy, no installment payments were due and, therefore, Defendants were not authorized to automatically withdraw $289.88 from Plaintiff's checking account on April 20, 2017, May 23, 2017, or June 21, 2017. Moreover, Defendants did not possess the contractual right to renew the contract as Plaintiff's automobile insurance was set to expire and coverage ceased at 12:01AM on 04/21/2017 and Plaintiff did not agree to any automatic renewal terms at the time of contracting or any other time.

36. Defendants breached its contract with Plaintiff by continuing to charge him after the March 2017 payment, when Defendants had no contractual right nor authorization to do so.

37. Upon information and belief, it is Defendants' policy and practice to charge its customers in advance for its insurance policies such that all insurance policies are paid in full one month and one day prior to the expiration of the insurance policy.

PLAINTIFF'S CLASS ACTION
COMPLAINT

**California Automatic Renewal Law**

**California Business & Professions Code §§ 17600-17606**

38.    On December 1, 2010, §§ l7600 - 17606 of Article 9, of Chapter 1 of Part 3, of Division 7 of the California Business & Professions Code came into effect. The stated intent of the Legislature of this Article was to end the practice of charging of consumers' payment methods without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. Cal. Bus. & Prof. Code § 17600 (emphasis added).

39.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms **in a clear and conspicuous manner "before the subscription or purchasing agreement is fulfilled and in visual proximity";**

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service **without first obtaining the consumer's affirmative consent** to the agreement containing the automatic renewal offer terms or continuous service offer terms.

(3) Fail to provide an acknowledgment that includes the automatic

PLAINTIFF'S CLASS ACTION COMPLAINT

renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

*Id*. (emphases added).

40.   Cal. Bus. & Prof. Code § 17601(a) defines the term "automatic renewal" as a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term.

41.   Cal. Bus. & Prof. Code § 17601(b) defines the term "automatic renewal offer terms as the following clear and conspicuous disclosures:

(1) **That the subscription or purchasing agreement will continue until the consumer cancels**;

(2) **The description of the cancellation policy that applies to the offer**;

(3) **The recurring charges that will be charged to the consumer's credit or debit card or payment account** with a third party as part of the automatic renewal plan or arrangement, **and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known**;

(4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer;

(5) The minimum purchase obligation, if any."

PLAINTIFF'S CLASS ACTION COMPLAINT

*Id.* (emphases added).

42.    Pursuant to § 17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

43.    Section 17603 of the Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, **without first obtaining the consumer's affirmative consent** as described in § 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business." *Id.* (emphasis added).

**Defendants Do Not Provide Clear and Conspicuous Disclosures for Its Auto Renewal Program as Required by Cal. Bus. & Prof. Code § 17602(a)(1)**

44.    Defendants failed to inform Plaintiff and the Classes in clear and conspicuous language, i.e., "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the

surrounding text of the same size by symbols or other marks in a manner that clearly calls attention to the language" that: (1) The purchasing agreement will continue until the consumer cancels; (2) Adequately describes the cancellation policy that applies to the offer; and/or (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge will change from the original purchase price to the renewal price.

### Defendants Fail to Obtain Affirmative Consent to the Agreement Containing the Automatic Renewal Offer Terms

45.    Plaintiff and the Classes were automatically enrolled in Defendants' Auto Renewal Program for Defendants' insurance policy for a set term without their "affirmative consent," within the meaning of Cal. Bus. & Prof. Code §17602(a)(1).

46.    Plaintiff and the Classes did not affirmatively consent, sign up, or check a box to be included in Defendants' Auto Renewal Program. Instead, Defendants imported the third-party payment information of Plaintiff and the Classes into Defendants' Auto Renewal Program without their consent.

47.    Plaintiff only authorized installment payments pursuant to an insurance policy with a set term.

48.    Plaintiff and the Classes did not give their affirmative consent to an "agreement containing the automatic renewal offer terms or continuous service offer terms."    For example, Defendants charged Plaintiff without first providing

information on how to cancel the subscription. Additionally, consumers signing up for a set insurance policy term were not specifically given instructions on how to cancel before payment.  Additionally, the insurance policy nor the authorization to withdraw installments form disclosed the automatically renewing nature of the product or the price term.

49.   Accordingly, Plaintiff and the Classes did not give their affirmative consent, within the meaning of Cal. Bus. & Prof. Code §17602(a)(1), to an agreement containing "the automatic renewal offer terms," with the necessary clear and conspicuous disclosures of terms.

50.   Despite never receiving an affirmative consent from Plaintiff and the Classes, and without Plaintiff and the Classes authorizing such charges, Defendants charged Plaintiff and the Classes for the renewal of Defendants' insurance policy.

51.   Accordingly, Defendants charged Plaintiff and the Classes "without first obtaining Plaintiff's and the Classes' affirmative consent" to the agreement containing "the automatic renewal offer terms or continuous service offer terms," with the necessary clear and conspicuous disclosures of terms.

52.   As a result of the above, and in addition to violating other laws, as described below, Defendants violated Cal. Bus. & Prof. Code § l7602(a)(2), and as such, all goods, wares, merchandise, or products, sent to Plaintiff and Members of the Classes under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff

PLAINTIFF'S CLASS ACTION COMPLAINT

and the Classes may use or dispose of the same in any manner they see fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, "or responsibility for, shipping any goods, wares, merchandise, or products to the business."

## CLASS ACTION ALLEGATIONS

53.   Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of the following classes, collective referred to as the "Class" or "Classes":

### THE NATIONWIDE CLASS

All individuals in the United States who purchased a Mercury Insurance policy for a set term and set up automatic payment of insurance policy premium installment payments and were charged after any additional amounts after the insurance policy was paid in full.

### THE CALIFORNIA CLASS

All individuals in the state of California who purchased a Mercury Insurance policy for a set term and set up automatic payment of insurance policy premium installment payments and were charged after any additional amounts after the insurance policy was paid in full.

### THE NATIONWIDE ELECTRONIC TRANSFER CLASS

All individuals in the United States who purchased a Mercury Insurance policy for a set term and set up automatic payment of insurance policy premium installment payments and who paid for their insurance policy before the expiration of the insurance policy and who were charged through an electronic funds transfer to their bank account any additional amounts after the insurance policy had been paid for and such charges were made on or after the date one year prior to the filing of this action.

### THE CALIFORNIA ELECTRONIC TRANSFER CLASS

All individuals in California who purchased a Mercury Insurance policy for a set term and set up automatic payment of insurance policy premium installment payments and who paid for their insurance policy before the expiration of the insurance policy and who were charged through an electronic funds transfer to their bank account any additional amounts after the insurance policy had been paid for and such charges were made on or after the date one year prior to the filing of this action.

54.   Excluded   from   the   Classes   are:   Defendants,   Defendants'   agents,

subsidiaries, parents, successors, predecessors, and any entity in which Defendants or Defendants' parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) Any governmental entities and any instrumentalities, subdivisions, agencies thereof; (4) any person who executes and files a timely request for exclusion from the Class; (5) any person who has had their claims in this matter finally adjudicated and/or otherwise released; (6) the legal representatives, successors and assigns of any such excluded person; (7) Counsel of record.

55.    Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiff will further define and designate a class definition when they seek to certify the Classes alleged herein.

56.    Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), at least one member of the Classes is of diverse citizenship from Defendant; there are more than 100 members of each Class nationwide; and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

57.    **Ascertainable Classes:** The Classes are ascertainable in that each member can be identified using information contained in Defendants' records and through the use of electronic payment processing systems, bank statements, paper receipts, the insurance policies themselves, and other sources.

58.    **Common Questions of Law or Fact Predominate:** In accordance with

PLAINTIFF'S CLASS ACTION COMPLAINT

Fed. R. Civ. P. 23(2), there are questions of law and fact common to the Classes and which predominate over any individual issues.  Common questions of law and fact include, without limitation:

a.      Whether or not Defendants breached the form contract with the members of the Classes by continuing to charge them when Defendants had no contractual right nor authorization to do so under the form contract;

b.      Whether Defendants breached the form contracts, what is the proper measure to be applied in determining damages;

c.      Whether Defendants breached the covenant of good faith and fair dealing;

d.      Whether Defendants engaged in unjust enrichment;

e.      Whether Defendants engaged in fraud;

f.      Whether Defendants engaged in negligence/negligence per se;

g.      Whether Defendants violated California Unfair Competition Law Cal. Bus. & Prof. Code § 17200, *et seq.;*

h.      Whether Defendants violated the False and Misleading Advertising in Violation of Business & Professions Code § 17500, *et seq.;*

i.      Whether Defendants violated the common law principle of Money Had and Received;

j.      Whether Defendants obtained valid authorization from all EFTA Class members to electronically withdraw funds from the EFTA Class members' debit or

PLAINTIFF'S CLASS ACTION
COMPLAINT

bank accounts;

k.   Whether the periodic electronic withdrawals from EFTA Class Members' accounts initiated by Defendants are "preauthorized electronic fund transfers" within the meaning of the EFTA, 15 U.S.C. § 1693a(9) and § 1693e;

l.   Whether Defendants complied with the requirements of the EFTA in connection with the debits and/or EFTs initiated from EFTA Class Members' accounts;

m.   Whether Defendants have violated the EFTA with respect to Plaintiff and the EFTA Class Members;

n.   Whether Plaintiff and the Classes are entitled to compensatory damages, restitution, and the amounts thereof respectively against Defendant; and

o.   Whether Defendants be ordered to disgorge, for the benefit of Plaintiff and the Classes, all or part of their ill-gotten profits received from its wrongdoing, and/or to make full restitution to Plaintiff and the members of the Classes.

59.   **Numerosity:** In accordance with Fed. R. Civ. P. 23(1), the Classes are so numerous that joinder of all members is impracticable.  While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed the Classes include thousands or tens of thousands.

60.   **Typicality:** Plaintiff's claims are typical of those of the other members of the Classes because Plaintiff, like every other member of the Classes, was exposed to virtually identical conduct.

PLAINTIFF'S CLASS ACTION COMPLAINT

61.  **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Classes. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Classes and the infringement of the rights and the damages they have suffered are typical of all other members of the Classes.

62.  Plaintiff has retained competent counsel, experienced in class action litigation and consumer protection law.

63.  **Superiority:** In accordance with Fed. R. Civ. P. 23(b), *et seq.*, the class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of individuals in the United States to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. The exact number of United States consumers who purchased Defendants' termed insurance policy and enrolled in the Same Pay Automatic Withdrawal installment plan can be obtained through discovery and from Defendants' business records; Class action treatment also will permit the adjudication of relatively small claims by certain members of the Classes, who could not individually afford to litigate a complex claim against a large corporate defendant. Further, even for those members of the Classes

PLAINTIFF'S CLASS ACTION COMPLAINT

who could afford to litigate such a claim, it would still be economically impractical, as the cost of litigation is almost certain to exceed any recovery they would obtain.

64.    The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Classes for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual member of the Classes with vastly superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each member of the Classes to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

65.    **Injunctive and Declaratory Relief is Appropriate.  Fed. R. Civ. P. 23(b)(1).**  The prosecution of separate actions by individual members of the classes would create a risk of:

a.    Inconsistent or varying adjudications with respect to individual members of the respective classes which would establish incompatible standards of conduct for the Defendant; and

b.    Adjudications with respect to individual members of the respective

PLAINTIFF'S CLASS ACTION COMPLAINT

classes which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

66. **Policies Generally Applicable to the Classes.  Fed. R. Civ. P. 23(b)(2)**. Defendants have acted or refused to act on grounds generally applicable to the classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to each of the Classes as a whole. Defendants' practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

67. **Certification of Particular Issues.  Fed. R. Civ. P. 23(c)(4).** Issue certification is also appropriate because the following particular issues (among others) exist that may be brought or maintained as a class action:

a. Whether or not Defendants breached the form contract with the members of the Classes by continuing to charge them when Defendants had no contractual right nor authorization to do so under the form contract

b. Whether Defendants breached the covenant of good faith and fair dealing;

c. Whether Defendants engaged in unjust enrichment;

-21-          PLAINTIFF'S CLASS ACTION
                      COMPLAINT

d.    Whether Defendants engaged in fraud;

e.    Whether Defendants engaged in negligence/negligence per se;

f.    Whether Defendants violated California Unfair Competition Law Cal. Bus. & Prof. Code § 17200, *et seq.;*

g.    Whether Defendants violated the False and Misleading Advertising in Violation of Business & Professions Code § 17500, *et seq.;*

h.    Whether Defendants violated the common law principle of Money Had and Received;

i.    Whether Defendants obtained valid authorization from all EFTA Class members to electronically withdraw funds from the EFTA Class members' debit or bank accounts;

j.    Whether the periodic electronic withdrawals from EFTA Class Members' accounts initiated by Defendants are "preauthorized electronic fund transfers" within the meaning of the EFTA, 15 U.S.C. § 1693a(9) and § 1693e;

k.    Whether Defendants complied with the requirements of the EFTA in connection with the debits and/or EFTs initiated from EFTA Class Members' accounts;

l.    Whether Defendants have violated the EFTA with respect to Plaintiff and the EFTA Class Members;

m.    Whether Plaintiff and the Classes are entitled to compensatory damages, restitution, and the amounts thereof respectively against Defendant; and

PLAINTIFF'S CLASS ACTION COMPLAINT

n.    Whether Defendants be ordered to disgorge, for the benefit of Plaintiff and the Classes, all or part of their ill-gotten profits received from its wrongdoing, and/or to make full restitution to Plaintiff and the members of the Classes.

## COUNT I

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

### (ON BEHALF OF THE NATIONWIDE CLASS AND THE CALIFORNIA CLASS)

68.    Plaintiff hereby incorporates all paragraphs of Plaintiff's Class Action Complaint against Defendants as if fully set forth herein.

69.    Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

70.    Beginning at an exact date unknown to Plaintiff, but at least since October 2016, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, and/or for the unlawful, unfair, or fraudulent business acts or practices described more fully herein in violation of the Unfair Competition Law, Business & Professions Code sections 17200 *et seq.* ("UCL").

71.    Specifically, Defendants have violated the UCL by engaging in the

-23-

following unlawful, unfair, and/or fraudulent business practices:

(a)   by violating Cal. Bus. & Prof. Code § 17602(a)(l);

(b)   by violating Business & Professions Code § 17500, et seq.;

(c)   by violating Section 5 of the FTC;

(d)   by violating the Electronic Funds Transfer Act;

(e)   by breaching the terms of a written contract;

(f)   by breaching the covenant of good faith and fair dealing;

(g)   by violating the common law theory of Money Had and Received;

(h)   being unjustly enriched; and/or

(i)   for the unlawful, unfair, or fraudulent business acts or practices described more fully herein.

(j)   by making material omissions and/or misrepresentations regarding the length of the insurance policy coverage term;

(k)   by making material omissions and/or misrepresentations regarding the cost associated with the insurance policy as discussed in the preceding paragraphs;

(l)   by making material omissions and/or misrepresentations regarding the installments due under the policy;

(m)   by making material omissions and/or misrepresentations regarding the automatically renewing nature of the insurance policy; and/or

(n)   by making material omissions and misrepresentations regarding the

PLAINTIFF'S CLASS ACTION COMPLAINT

Products' hazardous effects, knowing that Plaintiff and other consumers would purchase the Products in reliance upon the previously described misrepresentations.

72.    Defendants' material omissions and misrepresentations were made with the actual knowledge of Defendant.

73.    Defendants intended for Plaintiff to rely upon the material omissions and misrepresentations to induce them to purchase the Products.

74.    The material omissions and misrepresentations set forth herein were material to Plaintiff, and if Plaintiff had known those facts, Plaintiff would not have purchased the insurance policy or would not have given his consent for Defendants to withdraw any installments from his financial account.

75.    The utility of Defendants' conduct is significantly outweighed by the gravity of the harm they impose on Plaintiff and the Classes. Defendants' acts and practices are oppressive, unscrupulous, or substantially injurious to consumers.

76.    The above-described unfair, unlawful, and/or fraudulent business practices conducted by Defendants present a threat and likelihood of harm to members of the Classes in that Defendants has systematically perpetrated and continue to perpetrate the unfair, unlawful, and/or fraudulent conduct upon members of the public by engaging in the conduct described herein.

77.    Plaintiff and the Classes have suffered harm as a proximate result of the wrongful conduct of the Defendants alleged herein, and therefore bring this claim for

PLAINTIFF'S CLASS ACTION COMPLAINT

relief for restitution and disgorgement. Plaintiff is a person who has suffered injury in fact and has lost money and property as a result of such unfair competition.

78.   As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants have received, and continue to hold, unlawfully obtained property and money belonging to Plaintiff and members of the Classes in the form of monies paid to Defendants by Plaintiff and Members of the Classes for the auto renewal of Defendants' insurance policy.

79.   Plaintiff and Classes are entitled to restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17208 for all monies paid by Members of the Classes for the auto renewal of Defendants' termed insurance policy, as described more fully herein, at rates specified by law. Defendants should also be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Members of the Classes, whom they were unlawfully taken, as Defendants never received the affirmative consent from Plaintiff and the Classes for the auto renewal of Defendants' insurance policy.

80.   Pursuant to Business and Professions Code §§ 17200 and 17203, Plaintiff, on behalf of himself and the Classes, seeks an order of this Court: enjoining Defendants from continuing to engage in the deceptive practices contained herein. Plaintiff further requests an order awarding Plaintiff and the Class restitution and disgorgement of profits acquired by Defendants by means of such unfair, unlawful, and/or fraudulent acts and/or practices, so as to deter Defendants and to rectify

PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants' unfair, unlawful, and/or fraudulent practices and to restore any and all monies to Plaintiff and the members of the Classes, which are still retained by Defendant, plus interest and attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure section 1021.5.   The general public will be irreparably harmed if such an order is not granted.

81.   As a direct and proximate result of Defendants' conduct, Plaintiff and the Classes were damaged.

82.   This Court may award attorney's fees to Plaintiff and the Classes. Defendants' conduct, as set forth above, is likely to deceive members of the public and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

83.   To the extent that the conduct as set forth above is ongoing and continues to this date, Plaintiff, the members of the Classes, and the general public are, therefore, entitled to the relief described herein.

84.   Defendant, through their deceptive trade practices as described herein, have obtained money from Plaintiff and members of the Class.  Plaintiff, in fact, has been injured by Defendants' conduct, as have members of the Classes.

85.   Plaintiff, individually and as a member of the Classes, has no adequate remedy at law for the future unlawful acts, methods, or practices as set forth above.

86.   As such, Plaintiff seeks injunctive relief to enjoin the practices described herein.

PLAINTIFF'S CLASS ACTION COMPLAINT

87.   In bringing this action, Plaintiff has engaged the services of attorneys and has incurred reasonable legal expenses in an amount to be proved at trial.

## COUNT II
## BREACH OF CONTRACT
## (ON BEHALF OF THE NATIONWIDE CLASS
## AND THE CALIFORNIA CLASS)

88.   Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

89.   As detailed above, Defendants entered into a written contract with Plaintiff and members of the Classes for an insurance policy for a set term.

90.   Attached hereto as Exhibit A is a copy of the terms of the written agreement.

91.   In each instance, Defendants offered to sell, and Plaintiff and the members of the Classes agreed to buy, a single insurance policy for a set term, and to pay the installment fees associated with that single insurance policy.  Many of Defendants' transactions are automated transactions as defined in the Uniform Electronic Transactions Act, California Civil Code § 1633.14(a)(1).  Defendants' website constitutes an "electronic agent" as defined in California Civil Code § 1633(f).

92.   Plaintiff and members of the Classes accepted Defendants' offer and fully performed their obligations under the contact by, among other things, remitting to Defendants their checking account information or other payment information and submitting payment to cover the specified cost of the insurance policy.

93.   The amount of policy and price at which Defendants agreed to sell

PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff and each of the members of the Classes agreed to buy the insurance policy were material terms in the contracts between Defendants and Plaintiff/members of the Classes.

94.    Defendants' automatic billing policy terms were not terms of Defendants' contract with Plaintiff and Members of the Classes in that the terms were either not disclosed at all, not disclosed in a clear and conspicuous manner as required by law, not provided to Plaintiff and Members of the Classes nor to Defendant, and not agreed to by Plaintiff or Members of the Classes, and because Defendants did not obtain Plaintiff's or Members' of the Classes express, affirmative, or explicit consent to those terms and otherwise violated the requirements of Cal. Bus. & Prof. Code § 17600.

95.    Defendants breached the insurance contract while it was still in existence by failing to ensure that the contract was properly terminated.

96.    Furthermore, Defendants breached the insurance contract by collecting unauthorized payments after the contract expired.

97.    Also, Defendants failed to perform as required under the contracts and breached those contracts by charging amounts different from and in addition to those agreed to and for products different from and in addition to those agreed to. Specifically, Defendants breached its contracts with Plaintiff and Members of the Classes by automatically billing them for and providing insurance coverage beyond the date the parties contracted for.

98.    Defendants also breached the terms of the Authorization Form.  Under the terms of the Authorization Form, Plaintiff agreed to a six (6) month insurance

PLAINTIFF'S CLASS ACTION
COMPLAINT

policy, and Plaintiff paid Defendants in six (6) installments. Based on the totality of the circumstances, the authorization form agreement endured for six (6) months, absent Plaintiff's request for renewal of the insurance policy or cancellation.

99.   As a result of the foregoing, Plaintiff and the Members of the Classes suffered injury and are entitled to compensatory damages in an amount to be proven at trial.

**COUNT III**
**FALSE AND MISLEADING ADVERTISING IN VIOLATION OF**
**BUSINESS & PROFESSIONS CODE § 17500, *et seq*.**
**(ON BEHALF OF THE NATIONWIDE CLASS**
**AND THE CALIFORNIA CLASS)**

100.  Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein.

101.  This cause of action is brought pursuant to Business and Professions Code § 17500, *et seq*., on behalf of a Class consisting of all persons who purchased an insurance policy for personal, family, or household purposes.

102.  In their advertising of the insurance policy and the installment payment automatic withdraw option, Defendants made false and misleading statements regarding the length of the insurance policy term.

103.  Defendants' advertising claims about the insurance policy, as alleged in the preceding paragraphs, are false, misleading, unsubstantiated and unreasonable. In addition, Defendants deliberately omitted material facts regarding the automatic renewing nature of the insurance product, knowing that Plaintiff and other consumers

PLAINTIFF'S CLASS ACTION
COMPLAINT

would purchase the insurance policy and provide an executed automatic withdraw form in reliance upon the previously described omissions and misrepresentations.

104. Defendants are aware that the claims that they make about the insurance policy are false, misleading, unsubstantiated, and unreasonable.

105. Plaintiff and other consumers were entitled to disclosure of the automatic renewal of the insurance policy, automatic withdrawal of money from one's account would be a material fact in a consumer's decision to purchase the insurance policy and providing authorization to withdraw money from one's account and Defendants' disclosures are the only way consumers could have learned of this material information.

106. As alleged in the preceding paragraphs, the misrepresentations and/or omissions by Defendants of the material facts detailed above constitutes false advertising within the meaning of California Business & Professions Code § 17500.

107. Pursuant to Business & Professions Code § 17535, Plaintiff and the members of the Classes seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of failing to disclose to its consumers, including Plaintiff and the Members of the Classes, that signing up for the Same Pay Automatic Withdrawal installment payment plan is actually a hidden Automatic Renewal Plan.

108. Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose the automatic renewing nature of its insurance policies as

PLAINTIFF'S CLASS ACTION COMPLAINT

described herein, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said omissions and/or misrepresentations in an amount to be determined at trial.

109.  Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' omissions and/or false representations. Indeed, Plaintiff purchased the insurance policy in reliance on Defendants' claims the insurance policy was for the set term advertised. Plaintiff would not have purchased the insurance policy if Plaintiff had known that the advertising as described herein was false.

### COUNT IV
### UNJUST ENRICHMENT
### (in the alternative to Breach of Contract)
### (ON BEHALF OF THE NATIONWIDE CLASS
### AND THE CALIFORNIA CLASS)

110.  Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

111.  Defendants were unjustly enriched by withdrawing funds from Plaintiff's and the Class' respective bank accounts without Plaintiff's and the Class' consent after the expiration of their insurance policy.

112.  When Defendants withdrew the funds from Plaintiff's and the Class' bank accounts, Plaintiff and the Class conferred a benefit on Defendant, which Defendants knowingly accepted despite the fact that they were not entitled to such benefit.  Such acts were, and are, unconscionable.

113. As a result of Defendants' actions constituting unjust enrichment, Plaintiff and the Class suffered actual damages for which Defendants are liable. Defendants' liability for those damages should be measured by the extent of its unjust enrichment.

**COUNT V**
**MONEY HAD AND RECEIVED**
**(ON BEHALF OF THE NATIONWIDE CLASS**
**AND THE CALIFORNIA CLASS)**

114. Plaintiff incorporates by reference and re-alleges all preceding substantive allegations as if fully set forth herein.

115. Defendants received money from Plaintiff and the Class.

116. The monies belong to Plaintiff and Members of the Classes.

117. Defendants have not returned all of the money.

**COUNT VII**
**VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT**
**(ON BEHALF OF THE NATIONWIDE ELECTRONIC TRANSFER CLASS**
**AND THE CALIFORNIA ELECTRONIC TRANSFER CLASS)**

118. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

119. As a common and uniform practice, Defendants make unauthorized electronic withdrawals of unauthorized charges from consumer bank accounts.

120. At all times pertinent hereto, Plaintiff and the Members of the Classes were "consumers" as that term is defined by § 1693(a)(5) of the EFTA.

121. At all times pertinent hereto, Defendants were a "person" subject to

PLAINTIFF'S CLASS ACTION COMPLAINT

liability under § 1693m of the EFTA.

122.  Section 907(a) of the EFTA, 15 U.S.C. Section § 1693(e)(a) of the United States Code, provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

123. The EFTA defines "preauthorized electronic fund transfer" as "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10).

124.  Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

125. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

126. Defendants violated 15 U.S.C. § 1693e(a) in that Defendants failed to obtain authorization from the Plaintiff and the Class, in writing, of electronic funds

PLAINTIFF'S CLASS ACTION COMPLAINT

transfers from Plaintiff and the EFTA Class' bank accounts made after the Plaintiff and the EFTA Class had made all installment payments due under the contract.

127. Defendants further violated 15 U.S.C. § 1693e(a) because it failed to obtain authorization from the Plaintiff and the Class, in writing, of electronic funds transfers from Plaintiff and the EFTA Class' bank accounts made after insurance policy had expired under the terms of the original insurance policy.

128. As described in the Same Pay Automatic Withdrawal Plan, the EFTA authorization language in Plaintiff's and the EFTA Class' is clear: automatic withdrawal is only authorized when installment payments are due. No installments were due at the time of the withdrawal because Plaintiff had already made all installment payments required under the original policy. Additionally, because Plaintiff did not renew the insurance policy, the policy expired on April 21, 2017. Again, as a result, no installment payments were due and, therefore, Defendants failed to obtain authorization, in writing, of the electronic funds transfers from Plaintiff and the EFTA Class' bank accounts for policies effective after the first policy expired.

129. Defendants debited the bank accounts of Plaintiff and members of the Classes on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorization electronic fund transfers from the accounts of Plaintiff and members of the Classes, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R.

PLAINTIFF'S CLASS ACTION
                                 COMPLAINT

§ 205.l0(b).

130.  Additionally, Defendants have debited bank accounts of Plaintiff and Members of the Classes on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Members of the Classes for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

131.  As a result of the conduct of Defendants as alleged herein, Plaintiff and the EFTA Class should be awarded actual damages in the full amount provided by law, as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1693e(a)(2)(B) and (3) of the EFTA.  Additionally, Plaintiff is entitled to statutory damages.

**COUNT VI**
**FRAUD**
**(ON BEHALF OF THE NATIONWIDE CLASS**
**AND THE CALIFORNIA CLASS)**

132.  Plaintiff hereby incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

133.  In order to maintain and/or increase its sales and profits, both directly and indirectly, Defendant, through its authorized agents, advertising, promotional campaigns, marketing, and order forms, has intentionally misrepresented by the use

of false statements and/or material omissions of fact the terms of its automatic billing policy.

134. Specifically, Defendants falsely represented to Plaintiff and Members of the Classes that they would be charged for a defined number of installments for a termed insurance policy and instead had an automatically renewing policy for which Defendants wrongfully continued to withdraw payments from Plaintiff's financial account, notwithstanding that it had a duty to so disclose. That duty arose by virtue of law, the commercial relationship between Plaintiff and the Members of the Classes and Defendant, Defendants' superior knowledge regarding the charges and renewed terms it would impose, and the fact that after undertaking to make certain inaccurate statements Defendants became obligated to disclose all material information.

135. Defendants failed to disclose, or failed to adequately disclose, the material fact that Defendants were going to enroll Plaintiff into an automatically renewing insurance policy without the consent of the Plaintiff and continue to withdraw installment payments from Plaintiff's financial account unless Plaintiff took affirmative action, notwithstanding that it had a duty to so disclose. That duty arose by virtue of law, the commercial relationship between Plaintiff and the Members of the Classes and Defendant, Defendants' superior knowledge regarding the charges and renewed terms it would impose, and the fact that after undertaking to make certain inaccurate statements Defendants became obligated to disclose all material information.

PLAINTIFF'S CLASS ACTION COMPLAINT

136. Defendantd failed to disclose, or failed to adequately disclose, the material fact that the definition of "installment payments due", notwithstanding that it had a duty to so disclose.  That duty arose by virtue of law, the commercial relationship between Plaintiff and the Members of the Classes and Defendant, Defendants' superior knowledge regarding the charges and renewed terms it would impose, and the fact that after undertaking to make certain inaccurate statements Defendants became obligated to disclose all material information.

137.  Defendants misrepresented the length of the insurance policy term;

138.  Defendants failed to disclose, or failed to adequately disclose, failed to disclose, or failed to adequately disclose, that it would automatically renew Plaintiff's and Members of the Classes' insurance policy, notwithstanding that it had a duty to so disclose.  That duty arose by virtue of law, the commercial relationship between Plaintiff and the Members of the Classes and Defendant, Defendants' superior knowledge regarding the charges and renewed terms it would impose, and the fact that after undertaking to make certain inaccurate statements Defendants became obligated to disclose all material information.

139. Defendants also falsely represented to complaining consumers, such as Plaintiff, that they had agreed to Defendants' automatic renewal policy when they actually had not, and that they were responsible for a penalty to cancel the unwanted additional insurance when in fact they were not.

PLAINTIFF'S CLASS ACTION COMPLAINT

140. Defendants' statements, misrepresentations, and/or omissions were material in that there was a substantial likelihood that a reasonable consumer would have considered them important and would have relied upon them in choosing to purchase Defendants' insurance policy or in failing to cancel future insurance policies.

141. Plaintiff himself relied on Defendants' representations and omissions.

142. At the time Defendants made these misrepresentations and omissions of fact, as alleged throughout this complaint, it knew such misrepresentations were false or made them in reckless disregard for their truth or falsity. Defendants knew such information was material to Plaintiff and the Members of the Classes and knew or was reckless in not knowing that the true information was not disclosed.

143. Defendants intended that the misrepresentations and omissions of fact be relied upon by Plaintiff and the Class in choosing to contract with Plaintiff.

144. Plaintiff and Members of the Classes were unaware of the falsity of Defendants' representations and omissions of material facts at all relevant times to their transactions. Plaintiff and the Members of the Classes reasonably relied on Defendants' misrepresentations and omissions to their detriment by: (a) contracting with Defendants and paying Defendants for an initial purchase of an insurance policy when they otherwise would have not; (b) being lulled into not cancelling future insurance policies as a result of Defendants' failure to adequately disclose its automatic billing policy; (c) suffering unwanted insurance nd related charges; and (d)

PLAINTIFF'S CLASS ACTION COMPLAINT

paying for a penalty charges to return unwanted automatically renewed and charged insurance policies.

145. As a result of Defendants' false representations and failures to disclose the true facts, Plaintiff and the Members of the Classes have suffered injury entitling them to compensatory damages and punitive damages in an amount to be proven at trial.

## COUNT VII
## NEGLIGENT MISREPRESENTATION/NEGLIGENCE PER SE
## (ON BEHALF OF THE NATIONWIDE CLASS
## AND THE CALIFORNIA CLASS)

146. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

147. Defendants owed Plaintiff and the Members of the Classes a duty not to make false statements of material fact or omit material information relating to the transactions between Plaintiff and the Members of the Classes and Defendant. The duty arose by virtue of law, the commercial relationship between Plaintiff and the Members of the Classes and Defendant, Defendants' superior knowledge regarding the charges and renewed terms it would impose, and the fact that after undertaking to make certain inaccurate statements Defendants became obligated to disclose all material information.

148. In the course and scope of its business, through its authorized agents, advertising, promotional campaigns, marketing, and order forms, Defendants

PLAINTIFF'S CLASS ACTION
COMPLAINT

breached its duty to Plaintiff and Members of the Classes by supplying false material information and/or making material omissions of fact in statements to Plaintiff and Members of the Classes concerning Defendants' automatic billing policy.

149.  Specifically, Defendants represented that it would charge only amounts for installments payments due, simultaneously failed to disclose or to disclose in a clear and conspicuous manner the terms of its automatic billing policy, and then later represented to Plaintiff and Members of the Classes that they were obligated to pay for repeated insurance policies and related charges based on the terms of the undisclosed automatic billing policy.

150.  These representations were false.  In reality, Defendants knew that it would charge for additional repeated insurance policies, that it had not disclosed or adequately disclosed the terms of its automatic billing policy to Plaintiff and Members of the Classes, and that many or all complaining Members of the Classes had not, in fact, agreed to Defendants' automatic renewal policy.

151.  Defendants' statements, representations, and/or omissions were material in that there was a substantial likelihood that a reasonable consumer would have considered them important and would have relied upon them in choosing to purchase Defendants' insurance policy and in failing to cancel shipments of future insurance policies so as not to incur additional charges.  Plaintiff indeed did review and rely on Defendants' statements and omissions.

PLAINTIFF'S CLASS ACTION
                    COMPLAINT

152.  At the time Defendants made these misrepresentations and omissions of fact, as alleged throughout this complaint, it had no reasonable grounds for believing them to be true.  Defendants failed to exercise reasonable care or competence in providing information or communicate to Plaintiff and the Members of the Classes accurate information regarding its automatic billing policy.

153.  Defendants intended that the misrepresentations and omissions of fact be relied upon by Plaintiff and the Class in choosing to purchase its insurance policies and in failing to cancel future insurance policies and charges.

154.  Plaintiff and Members of the Classes were unaware of the falsity of Defendants' representations and omissions of material facts at all relevant times to their transactions.  Plaintiff and the Members of the Classes reasonably relied on Defendants' misrepresentations and omissions to their detriment by: (a) contracting with Defendants and paying Defendants for its insurance policies when they otherwise would have not; (b) being lulled into not cancelling future shipments and charges as a result of Defendants' failure to adequately disclose its automatic billing policy; (c) suffering repeated insurance policies and related charges; and (d) paying for shipping charges to cancel the future insurance policies.

155.  Because Defendants' negligent conduct described herein violated state statutes, namely Cal. Bus. & Prof. Code §§ 17200 *et seq*., 17500 *et seq*., and 17600 *et seq*., as set forth above, Defendants have committed negligence per se and Plaintiff is entitled to a presumption of negligence.

PLAINTIFF'S CLASS ACTION COMPLAINT

156. As a result of Defendants' false representations and failures to disclose the true facts, Plaintiff and the Members of the Classes have suffered injury entitling them to compensatory damages and punitive damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and the members of the Proposed Classes, demand judgment against the Defendants as follows:

A.   For an order certifying the proposed classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff and his counsel to represent the proposed classes, appointing counsel for Plaintiff as lead counsel for the respective classes;

B.   An order awarding declaratory relief and temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.   Appropriate injunctive relief;

D.   A declaration that Defendants are financially responsible for all Class notice and the administration of Class relief;

E.   An order that the Court enter judgment against Defendants for restitution, disgorgement, punitive damages, statutory damages, treble damages, and exemplary damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial.

F.   An order awarding any applicable statutory and civil penalties;

G.   An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

H.   An award of costs, expenses, and attorneys' fees as permitted by law; and

PLAINTIFF'S CLASS ACTION COMPLAINT

I.      Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

## JURY DEMAND

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: April 19, 2018          By:    /s/ Francis J. "Casey" Flynn, Jr.
                                       Francis J. "Casey" Flynn, Jr.
                                       Law Office of Francis J. Flynn, Jr.
                                       CA State Bar No. 304712
                                       6220 W 3rd St # 115
                                       Los Angeles, CA 90036
                                       Telephone: 314-662-2836
                                       Email: casey@lawofficeflynn.com

                                       James Rosemergy
                                       (Seeking admission Pro Hac Vice)
                                        Carey, Danis & Lowe
                                        8235 Forsyth Boulevard, Suite 1100
                                        Saint Louis, Missouri  63105-1643
                                        Tele: 314-725-7700
                                        Email: jrosemergy@careydanis.com

                                       **ATTORNEYS FOR PLAINTIFF AND
                                       THE PROPOSED CLASSES**